By the Court.
 

 Upon the trial of this case evidence was adduced tending to show that the plaintiff, in attempting to find her way to a train which she desired to take in the Union Depot in Cleveland, where she was transferring from another train, entered the restaurant of the defendant, which is located in the depot, and there inquired of an attendant where she could get the train she desired; that pursuant to the direction given plaintiff then recrossed the room of the restaurant to procure her suit case, and in passing out of the restaurant to her train, in accordance with the direction given, slipped and fell and was injured, such fall having been caused by soapy water on the floor previously oiled, which a workman had placed there after she crossed the room and before she returned, of which condition, therefore, plaintiff had no knowledge. The restaurant was connected with the Union Depot and maintained particularly for the use and accommodation of railroad passen
 
 *106
 
 gers, and was continually used by such passengers, though not patrons of the restaurant, who went to and came from trains at that place. It was thus used substantially as a part of the depot itself.
 

 The charge of negligence made is that the defendant company, well knowing the use of the floor and passageway in said restaurant by passengers and others, carelessly and negligently directed plaintiff to pass over a portion of the floor which it had previously oiled, and at the time stated had covered with soap and water, thus placing the same in an unsafe condition, and when directing plaintiff to pass over such floor did not warn her or apprise her of the dangerous condition it had created.
 

 A judgment rendered on the verdict returned in plaintiff’s favor was affirmed by the Court of Appeals. As heretofore indicated, evidence in the record supports the claim that the dangerous condition described was a new danger, and was created between the time plaintiff crossed the floor and her return, recrossing the floor of the restaurant at the same place. The claim asserted and supported by evidence was therefore one of active negligence on the part of defendant in placing before the plaintiff a new situation of danger, of which she had no knowledge and of which no attempt was made to apprise her. The principle involved is no different than that applicable, if. under the same circumstances, a flight of steps had been removed from the course she was directed to take, between the time she passed over the steps and her return or attempted return the same way. No new principle is involved, nor does the
 
 *107
 
 case call for the application of any new or novel rule governing liability for the negligent act committed by one suddenly placing another in danger of bodily harm. The owner, being aware of the presence of a licensee, or even a trespasser, is required to use ordinary care to avoid injury to him arising from the active negligence of such owner or his servants.
 

 Under the facts disclosed by this record, the judgment is not contrary to law, but is consistent with the rule applicable to such cases, as announced in many decisions of this court on the subject. It is therefore affirmed.
 

 Judgment affirmed.
 

 Robinson, Matthias, Day and Allen, JJ., concur.