MONDEY *v.* CONTINENTAL REALTY CO.

1. APPEAL AND ERROR—SLIPPING ON LINOLEUM-COVERED FLOORS—
NEGLIGENCE—QUESTIONS REVIEWABLE—NOTICE.

In action against owner of building by lessee of space for injuries
sustained when she slipped on a linoleum-covered floor that had
just been cleaned, where recovery was sought because of negli-
gent performance of the work, which made the floor highly
dangerous to walk upon, as well as negligence of defendant's
employees in failing to notify plaintiff they had mopped the
floor, jury's verdict for defendant on first of such grounds
which was submitted to it *held*, to limit question on plaintiff's
appeal to that of whether or not plaintiff lessee was entitled
to notice, it now being assumed defendant's employee was not
negligent in manner of performing the work or that plaintiff
was guilty of contributory negligence.

2. LANDLORD AND TENANT—CLEANING FLOORS—NOTICE TO TENANT—
DANGEROUS CONDITION OF PREMISES.

Merely mopping or cleaning a floor in the regular discharge of a
landlord's duty to his tenant and leaving the floor in its normal
condition after such cleaning does not create a dangerous con-
dition of which the landlord is bound to give the tenant notice.

3. SAME—DANGEROUS CONDITION OF PREMISES—NOTICE OF CHANGE TO
TENANT.

Except an unusually dangerous condition is created by an act of
the landlord or his employee, there is no duty on the part of
the landlord to notify a tenant of a change in condition of the
premises.

4. BUILDINGS—TREATMENT OF FLOORS—NEGLIGENCE.

An owner of a building, in treating a floor may use wax or oil or
other substance in the customary manner without incurring
liability to one who slips and falls thereon, unless the owner
is negligent in the materials he uses or in the manner of apply-
ing them.

5. LANDLORD AND TENANT—CLEANING OF FLOORS—DANGEROUS CONDITION—NOTICE TO TENANT.

    In action against landlord, by tenant occupying space in defendant's building, for injuries sustained when tenant slipped on linoleum-covered floor which had been cleaned shortly theretofore, plaintiff *held*, not entitled to notice that cleaning had been done where jury found there was no negligence in manner in which floor was cleaned, hence a new and dangerous condition had not been created.

6. SAME—NOTICE OF DANGEROUS CONDITION OF PREMISES—FLOORS—NEGLIGENCE.

    A tenant, being entitled only to notice of newly-created, dangerous condition of premises he occupies, would not be entitled to notice that linoleum-covered floor had been cleaned recently where such cleaning was not performed in a negligent manner.

    MCALLISTER, J., dissenting.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 14, 1938. (Docket No. 75, Calendar No. 39,617.) Decided November 10, 1938.

Case by Maude Dena Mondey against Continental Realty Company for personal injuries sustained when she slipped on a floor. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Abner Dilley* and *C. N. Sessions* (*John Vanderwerp,* of counsel), for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

NORTH, J.  The conclusion reached by Mr. Justice MCALLISTER is one with which I am not in accord. As stated in his opinion, the plaintiff in this case alleges two grounds upon which she seeks recovery. In brief they are: (1) that defendant's employee without plaintiff's knowledge cleaned the floor in the space rented from defendant by plaintiff, that the

employee negligently performed the work by leaving dirty, soapy water upon the linoleum-covered floor, and thereby caused the floor to be ''exceedingly slippery and highly dangerous to walk upon'' resulting in plaintiff's injury; and (2) that defendant's employee ''carelessly, recklessly and negligently failed to notify the plaintiff that they (she) had mopped the floors of her said place of business at the time and place aforesaid.'' The trial judge submitted, and we think in a fair manner, the first of these two issues to the jury. It involved both defendant's alleged negligence and plaintiff's contributory negligence. Notwithstanding the testimony of plaintiff and some of her witnesses to the contrary, the jury found in favor of defendant. By this verdict of the jury, the first ground upon which plaintiff seeks recovery was eliminated. Therefore this appeal should be disposed of in this court upon the assumption that defendant's employee, who did the cleaning on the evening of plaintiff's accident, was not guilty of any negligence in the manner in which she performed this service, or that plaintiff was guilty of contributory negligence.

If plaintiff was guilty of contributory negligence she cannot recover. So the only remaining question for consideration is whether plaintiff was entitled to notice that her floors had been cleaned by defendant's employee, or, stating it in another way, did the employee's failure so to notify plaintiff constitute actionable negligence. The trial judge did not submit this issue to the jury. The matter for decision on this appeal is whether under the circumstances of this case we should hold that in not submitting the issue to the jury the trial judge committed error.

We think it may be stated as a general proposition of law that merely mopping or cleaning a floor

in the regular discharge of a landlord's duty to his tenant and leaving the floor in its normal condition after such cleaning does not create a dangerous condition of which the landlord is bound to give the tenant notice. It is elementary that except an unusually dangerous condition is created by an act of the landlord or his employee, there is no duty on the part of the landlord to notify a tenant of a change in condition.

"Where he (landlord) has created no nuisance, and is guilty of no wilful wrong or fraud or culpable negligence, he incurs no liability for any injury suffered by any person occupying or going on the premises during the term of the demise." 16 R. C. L. p. 1034.

"An owner in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them." *Smith* v. *Union & New Haven Trust Co.*, 121 Conn. 369 (185 Atl. 81).

Under this record it must be held that on the occasion of plaintiff's injury the failure of defendant's employee to notify plaintiff that the floor had been cleaned was not a failure to perform any duty which the landlord owed the plaintiff. Even under plaintiff's theory it seems clear that the proximate cause of her accident was the alleged negligent manner in which the cleaning was done, not the fact that it was done without plaintiff's knowledge. The latter is a mere incident bearing more particularly upon plaintiff's contributory negligence. But the jury's verdict is conclusive that plaintiff was guilty of contributory negligence or that the work was done in a proper manner. As before stated, in the event plaintiff was contributorily negligent she cannot re-

cover; and if on the other hand there was no negligence in the manner of cleaning, a new and dangerous condition was not created, and hence there was no occasion for warning or notifying plaintiff. The circuit judge was not in error in holding that plaintiff was not entitled to notice unless the cleaning was negligently done.

*Union News Co.* v. *Freeborn,* 111 Ohio St. 105 (144 N. E. 595), cited by Justice McALLISTER, is, to say the least, an extreme case. It cites no sustaining authority. It seems to be out of step with many other decisions involving similar facts. See *Narregang* v. *Great Atlantic & Pacific Tea Co.,* 224 Mich. 178; *Ziegler* v. *Western Union Telegraph Co.,* 319 Pa. 274 (179 Atl. 45); *Curtiss* v. *Railroad Co.,* 233 N. Y. 554 (135 N. E. 915); *J. C. Penny Co., Inc.,* v. *Robison,* 128 Ohio St. 626 (193 N. E. 401, 100 A. L. R. 705); *Walker* v. *Broad & Walnut Corp.,* 320 Pa. 504 (182 Atl. 643). In any event *Union News Co.* v. *Freeborn, supra,* is to be distinguished from the instant case in that the *Freeborn Case* arose out of an accident in a railroad depot which the public in general on invitation frequented and usually under somewhat hurried and distracting circumstances. On this account it might well be held that a greater degree of care as to safe condition should be required of the proprietor than is required of an ordinary landlord for the safety of his tenant. Further, the plaintiff in the *Freeborn Case* was *expressly directed* by defendant's employee, and without warning, to pass over the slippery portion of the depot floor, which had been put in that condition since plaintiff had just momentarily before passed over it. This latter circumstance seems to be the basis for the court's holding that there was evidence of "active negligence on the part of defendant in placing before plaintiff a new situation of danger."

None of the other grounds of error asserted by appellant are sufficient to justify reversal. The judgment entered in the circuit court is affirmed, with costs to appellee.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred with NORTH, J.

McALLISTER, J. (*dissenting*). Plaintiff conducts a beauty shop on premises leased from defendant for which defendant agrees to furnish proper janitor service. The premises consist of a reception room and three booths, which are separated by curtains hanging from rings about seven feet above the floor. The curtains hang down within two or three inches of the floor.

On June 14, 1934, plaintiff had a customer at her place of business about 6:30 o'clock in the evening. No other customers were in the place of business as it was after the usual working hours. Plaintiff took her customer into one of the booths and gave her a shampoo. About 7:15 o'clock two of defendant's employees came into the reception room and asked plaintiff if they might come in and clean. She told them that they could not; that she "was going to be busy giving a permanent."

Plaintiff testified that in June, 1934, she was in her place of business three nights a week, and during those evenings, the janitresses had never cleaned the office. She had told them repeatedly that she did not want them cleaning at that time.

Between 9 and 9:15 o'clock, after the permanent waving operation, plaintiff and her customer went through the reception room from booth number one to the shampoo room. There had been no floor cleaning done by the janitress in the reception room at that time. After the shampoo, plaintiff went with

her customer from the shampoo room back to booth number one and after certain work done there, plaintiff opened the curtains between the booths and stepped from booth number one to booth number two. After a couple of steps, she slipped and fell on the floor and suffered the injuries complained of in this suit. She claims that the floor of booth number two had been cleaned with water during the time that she was performing the work for her customer. The place on the floor where plaintiff fell is cement covered with a congoleum or linoleum rug.

Plaintiff further claims that she had no knowledge that the cleaning work was being done, or had been done, and that she was not notified of it by the janitresses; that because of this dangerous condition created by defendant's employee without knowledge on her part and without warning to her, plaintiff was injured by reason of the negligence of defendant's employee; she further claims that defendant's employee was negligent because of having cleaned the floor in a negligent and improper manner.

The trial court submitted to the jury the question of the care required in washing and cleaning the floor in question, but the chief claim of negligence made by plaintiff was that defendant, through its employees, had created a dangerous condition without warning plaintiff; and error is assigned on the following instruction to the jury:

"Unless you find by a preponderance of the evidence that the floor upon which plaintiff slipped and sustained her injuries was rendered in an improper and unusual condition because of the failure of the defendant's employees and servants to wash it in such manner and leave it in such a condition as a reasonably prudent person engaged in the same line of work would have done, plaintiff would not be en-

titled to recover any damages whatsoever and your verdict will be for the defendant, no cause of action.''

By this instruction the court removed from consideration of the jury the question of whether defendant was liable for creating a dangerous condition of the premises without the knowledge of plaintiff, and failing to warn her of the newly-created, dangerous condition. It is maintained by plaintiff that such charge constitutes reversible error.

One who knowingly creates a dangerous condition on premises, owes a duty to warn those who, without knowledge of such new condition of danger, and with a right to use the premises and to rely upon a previous safe condition, may be thereby injured.

In *Union News Co.* v. *Freeborn,* 111 Ohio St. 105 (144 N. E. 595), the supreme court of Ohio had occasion to pass upon a case similar to that before us. In that case plaintiff, in attempting to find her way to a train which she desired to take in Union Depot in Cleveland, where she was transferring from another train, entered the restaurant of defendant, which is located in the depot. She there inquired of an attendant where she could get the train she desired. Pursuant to the direction given, she then recrossed the room of the restaurant to procure her suit case, and in passing out of the restaurant to her train, in accordance with the direction given her, she slipped and fell and was injured. The fall was caused by soapy water on the floor, previously oiled, resulting from work done after plaintiff had crossed the room and before she returned, of which condition plaintiff had no knowledge. The charge of negligence was that the defendant company, knowing of the use of the floor and passageway in the restaurant by passengers and others,

carelessly and negligently directed plaintiff to pass over a portion of the floor which it had previously oiled, and covered with soap and water, thus placing the same in an unsafe condition; and that when directing plaintiff to pass over such floor, did not warn her or apprise her of the dangerous condition it had created. The court said:

"As heretofore indicated, evidence in the record supports the claim that the dangerous condition described was a new danger, and was created between the time plaintiff crossed the floor and her return, recrossing the floor of the restaurant at the same place. The claim asserted and supported by evidence was therefore one of active negligence on the part of defendant in placing before the plaintiff a new situation of danger, of which she had no knowledge and of which no attempt was made to apprise her. The principle involved is no different than that applicable, if, under the same circumstances, a flight of steps had been removed from the course she was directed to take, between the time she passed over the steps and her return or attempted return the same way. No new principle is involved, nor does the case call for the application of any new or novel rule governing liability for the negligent act committed by one suddenly placing another in danger of bodily harm. The owner, being aware of the presence of a licensee, or even a trespasser, is required to use ordinary care to avoid injury to him arising from the active negligence of such owner or his servants."

In the case before us, plaintiff had the unqualified use of the premises; but even in cases involving licensees, this court has held that owners cannot escape liability for injury resulting from newly-created, dangerous conditions of premises where there is no warning to such licensees.

In *Morrison* v. *Carpenter,* 179 Mich. 207, 220 (Ann. Cas. 1915D, 319), the court said:

"We think the rule may be stated that, after granting a license to use the premises, the owner cannot, lawfully, by his affirmative action, change the premises so as to make them more dangerous, without notifying the licensee of that fact, or warning him of the added danger."

"In the absence of contrary knowledge, actual or imputed, a person may assume that he is not exposed to, or threatened by, danger which can come to him only from a breach of the duty which others owe to avoid injury to him." 45 C. J. p. 954.

No negligence would be imputed to plaintiff for failing to look out for danger, if, under the surrounding circumstances, she had no reason to suspect that such danger was to be apprehended. *Lawrence* v. *Bartling & Dull Co.,* 255 Mich. 580; Baldwin on Personal Injuries (2d Ed.), § 146.

In this case, defendant's employee testified that she mopped the new floor covering; that an old linoleum is not so slippery when it is mopped; but that in this case it was made so by making it moist or wet; that before it was mopped it was not slippery, but perfectly safe for any one to walk upon. She therefore created a dangerous condition; for such a floor is dangerous, especially to those who do not know it is slippery; and accidents resulting from falls on such floors are common.

If the cleaning had been done under circumstances that would indicate that it had been performed in the manner and at the time it might reasonably be expected to be performed, the plaintiff would have no right of action, as she would be presumed to know that such a situation, although hazardous in some degree, must necessarily arise from the performance

of such work; and in order to carry on the work of the day, such dangers are often necessarily created. In this case, however, due to the fact that such work had never before been done during plaintiff's working hours and because of the fact that she expressly requested defendant's employees not to perform the work at that time, and they showed apparent acquiescence in her request, there arises a question of fact for the jury as to whether she had a right to rely on the belief that such work would not be done and that such a condition of danger would not be created during the time that she was in performance of these business services.

Plaintiff testified that although the floor in booth number two was being mopped next to the booth where she was working, and although she was separated from the other booth only by a curtain, nevertheless, she did not hear the work being done, and had no knowledge that defendant's employees were at any time mopping the floor. She claimed that such cleaning had never before been done when she was working in her shop; that she had specifically ordered defendant's employees not to mop the floor while she was working; and that she had no knowledge or notice of the new and dangerous condition created because of such work. Whether defendant's employees were guilty of negligence in creating such a condition and not warning plaintiff; whether she had knowledge of such newly-created danger, were questions of fact; and the exclusion of such questions from the consideration of the jury was error.

Judgment should be reversed and new trial should be granted, with costs to plaintiff.

Butzel, J., took no part in this decision.