HONEYCUTT, APPELLANTS, *v.* CINCINNATI METROPOLITAN HOUSING AUTHORITY, APPELLEE.* (Two cases.)

(Nos. 8934 and 8935—Decided May 22, 1961.)

*Messrs. White & Wilson,* for appellants.
*Mr. John M. McCaslin, Jr.,* for appellee.

LONG, P. J. These cases were tried together in the court below; one case was that of the wife who was injured by a de-

---

*Motion to certify the record overruled, November 22, 1961.

fective door in the apartment of another tenant, and the other case was the suit of the husband for expenses and loss of services of his wife.

From the evidence in this case, we cannot agree that the lessor has substantially relinquished to his lessee all occupation of and control over a portion of the leased premises. By contracting with its lessee that "the tenant agrees not to make any repairs or alterations either inside or outside the dwelling unit, without the written consent of the management," the lessor has actually exercised his right of control in making repairs to the defective door and is under the obligation to exercise ordinary care with respect to the condition of such door, and that duty extends to invitees of the lessee. *Brown* v. *Cleveland Baseball Co.*, 158 Ohio St., 1. This is particularly true where the record discloses, as in the case at bar, that the lessor was advised of the defective condition of the door and did nothing to repair same after due notice.

However, the record in this case discloses, by Mrs. Honeycutt's own testimony, that she was fully aware of the defective condition of the door; that she knew the door had thrown Mrs. Caldwell out into the hall; that she had had the same experience herself prior to her accident; that the door would slam with such force that one could hear it throughout the whole building; that earlier in the same day she had occasion to use the door and it slammed as she entered; and that her accident happened as she was going out the door on this last occasion.

In the opinion of this court, Mrs. Honeycutt thereby assumed the risk of injury by using the door, with full knowledge of its defective condition, and that, as a result, she is contributorily negligent as a matter of law. The law is well settled that where, in an action for personal injury, plaintiff's testimony amounts to an admission that she was guilty of negligence at the time and place, which contributed directly to her injury, it is the duty of the trial court to direct a verdict for the defendant. *Winkler* v. *City of Columbus*, 149 Ohio St., 39.

The judgments of the trial court, therefore, are affirmed.

*Judgments affirmed.*

O'CONNELL and HILDEBRANT, JJ., concur.