CONDELL, APPELLANT, *v.* BROBST, APPELLEE.

[Cite as Condell v. Brobst, 18 Ohio App. 2d 107.]

(No. 1804—Decided March 12, 1969.)

*Messrs. Sieman, Sieman & Sieman* and *Mr. Walter J. Vogel,* for appellant.

*Mr. John T. Milligan,* for appellee.

COOK, J. This appeal comes to this court on questions of law from a judgment for the defendant, appellee herein, rendered on the verdict of a jury upon trial in the Common Pleas Court.

The action was commenced by Thelma D. Condell to recover damages for personal injuries received by her through the claimed negligence of Donald L. Brobst.

Upon the issues developed by the pleadings and the evidence, a jury rendered a verdict for the defendant. A motion for a new trial was overruled and judgment rendered on the verdict. The appeal by the plaintiff, appellant herein, to this court is taken from that judgment.

This case arises out of an automobile accident which occurred on March 3, 1964, on State Route 5 in Wayne County. The plaintiff was driving a 1959 Cadillac automobile in a northerly direction on State Route 5, and defendant was operating a Chevrolet in a southerly direction on that route.

The plaintiff had been in Wooster on the date of the accident visiting friends and was returning to Akron on State Route 5. She testified that at approximately 2:40 p. m. she was traveling "between forty-five and fifty miles an hour" when she met a truck and two cars "coming back of the truck." She testified that both cars attempted to pass the truck; the first one passed, but the second one, after starting to pass, did not and dropped back to a position behind the truck. She testified further that "it went in back of the truck, and I presumed was following the truck because I had attempted to slow down and, when it got in back of the truck, why I proceeded on and, as I got to the end of the truck, it was in front of me instantly. It was on my side of the road and we collided."

The record then shows the following:

"Q. Mrs. Condell, how much time elapsed from the time you first saw the car driven by Mr. Brobst until the moment of impact? A. When I saw his car back of the truck?

"Q. No. The last time you saw his car before the collision, how much time elapsed? A. No time—it was there."

The record shows the following a few questions later:

"Q. At the moment of impact, how far away was the right side of your car from the berm? A. At the moment of impact—well, I had turned to go—let's see—to the right off of the highway. As I saw the car—as the car came

from behind the truck, I immediately tried to turn away, but the car was immediately in front of me.

"Q. At that moment, how far was your car from the berm? Would you say you were closer to the center line or closer to the berm? A. I was at the edge of the berm.

"Q. How much of Mr. Brobst's car entered your right hand lane, Mrs. Condell? A. It was all in my right hand lane.

"Q. And what part of his car came in contact with your car? A. The rear left."

The defendant testified that on March 3, 1964, he was traveling from Akron to Wooster on State Route 5 when the accident happened. He testified that he came upon a truck which was going fifty miles an hour and that he "fell in behind him for a ways." He said he followed the truck for a half to three-quarters of a mile, moved to pass it, saw a car approaching and pulled back in behind the truck. He testified further that the approaching car was eight hundred feet away when he first saw it and it was proceeding at a speed of "fifty-five to sixty miles an hour" in the center of its lane.

The record shows the following:

"Q. Alright. Now Mr. Brobst, as you pulled in behind the truck, can you tell the jury what happened? A. Well, the car fishtailed. It went first to the right and then to the left and, as it was going left, Mrs. Condell's car hit the rear of my car. The front of her car hit the rear of mine.

"Q. Now, where was the rear of your car located with respect to the center line at the moment of impact? A. It was about—approximately two feet over the center line."

The defendant testified further that he pleaded guilty in Wooster Municipal Court to a charge of "left of center," and that he had not seen the plaintiff for two or three hundred feet before the collision occurred.

Only the plaintiff and the defendant testified as to the issue of liability.

In its general charge, the trial court instructed the jury that as a matter of law the defendant was negligent in operating his automobile to the left of the center of the

highway at the time of the accident. The court also instructed the jury that such negligence was a proximate cause of the accident. The court, however, also charged on contributory negligence and thus did not take from the jury the issue of proximate cause.

The plaintiff sets forth seven assignments of error, but her chief complaint is that the trial judge submitted the question of contributory negligence to the jury instead of finding as a matter of law on the evidence for the plaintiff as to negligence and proximate cause and submitting only the question of damages to the jury.

The rule is well settled in Ohio that the issue of contributory negligence may arise through either the pleadings or the evidence or both. (*Shapiro* v. *Kilgore Cleaning & Storage Co.*, 108 Ohio App. 402.)

The plaintiff in an action for damages arising from negligence is entitled to the benefit of the presumption that he was exercising due care for his own safety and was not negligent as a matter of law at the time of the accident. (*Shapiro, supra.*)

Defendant contends that the court was correct in charging on contibutory negligence because the plaintiff should have slowed down and veered to the right. The only evidence in this case on these points indicates the plaintiff did slow down and did try to veer to the right at the moment of the accident. In addition, the defendant admitted that he had no knowledge of what the plaintiff did during the time it took her to travel the last two to three hundred feet to the point of impact.

A sentence by sentence perusal of the bill of exceptions reveals no evidence of the failure of the plaintiff to exercise ordinary care in the manner in which she conducted herself at the time and place of this accident or any other conduct on her part that would constitute negligence.

Since there is nothing in the evidence from which any inference of negligence on the part of the plaintiff may be drawn, there was no basis for the trial court to submit the issue of contributory negligence to the jury.

The rule that the court ought to adapt its charge to

the issues made by the pleadings and the evidence forbids the introduction into the charge of instructions upon an issue not so raised. (*Cincinnati Traction Co.* v. *Forrest,* 73 Ohio St. 1.)

When such a charge is given and it is apparent the jury may have been misled by such charge to the prejudice of the defeated party, the judgment will be reversed and a new trial ordered. (*Cincinnati Traction Co.* v. *Forrest, supra.*)

In *Ricks* v. *Jackson,* 169 Ohio St. 254, the Supreme Court reached the same conclusion in a negligence action involving a charge on assumption of risk. It held that "it is error to charge a jury with respect to the issue of assumption of risk where there is no evidence to support that issue."

In this case the defense of contributory negligence was not pleaded by the defendant, nor was there any evidence in the case to indicate contributory negligence on the part of the plaintiff.

Where the bill of exceptions shows no evidence of negligence on the part of the plaintiff and the evidence is clear that the defendant was negligent, it is reversible error for the court not to take the issue of negligence and proximate cause from the jury, and it is reversible error to charge the jury on contributory negligence.

This court reverses on the applicable portions of assignments of error Nos. II, III, IV and V. We find no merit in assignments of error Nos. I, VI and VIII.

The judgment will, therefore, be reversed and the cause remanded to the trial court for a new trial.

*Judgment reversed.*

HOFSTETTER, P. J., and JONES, J., concur.