CLARK, APPELLANT, *v.* BECKER DISCOUNT DRUG CO., APPELLEE.

(No. C-74187—Decided February 18, 1975.)

*Mr. George W. Bunyan, Jr.,* and *Mr. Peter J. Randolph,* for appellant.

*Messrs. Lindhorst & Dreidame* and *Mr. William M. Cussen,* for appellee.

SCHNEIDER, J. This cause came on to be heard upon the appeal; the transcript of the docket and journal entries; the original papers and pleadings from the Court of Common Pleas of Hamilton County; the assignments of error; and the briefs and arguments of counsel.

Plaintiff, the appellant herein, had entered the retail store of defendant, the appellee, to shop and upon leaving the premises noticed for the first time that someone was sprinkling the area with a hose. As she walked across the sidewalk in front of the store and entered the parking lot, she stepped on a wet, slippery piece of paper and fell.

After the Complaint and Answer were filed, defendant filed a motion for summary judgment, asserting that plaintiff was guilty of contributory negligence and assumption of the risk as a matter of law, for the reason that "she free-

ly admitted at her deposition filed in support of that motion that the condition which caused her to fall was plainly visible and obvious to her.'' The trial court allowed the motion, granted summary judgment, and this appeal was instituted.

The single assignment of error is that the case presents genuine issues of fact for the jury, and that the trial court erred in resolving the issues against plaintiff as a matter of law.

The ordinary rule in respect to assumption of risk, contributory negligence, and proximate cause is that they are questions for the triers of the facts. *Wever* v. *Hicks*, 11 Ohio St. 2d 230 and *Francis* v. *Bieber*, 10 Ohio St. 2d 65. Defendant is correct in its assertion that in her deposition plaintiff admitted seeing the freshly sprinkled and watery parking lot onto which she proceeded, and the debris thereon including the piece of paper upon which she stepped and slipped.

However, she did not admit that she knew that the combination of the wet paper and the wet pavement would present a hazard and cause her fall. In other words, it is not enough to say that she admitted seeing the condition. Since every inference is to be resolved in favor of the party against whom the motion is directed, it was incumbent upon defendant to show not only that plaintiff either saw or should have seen the condition, but also that she appreciated the risk involved, or should have. (See the second paragraph of the syllabus of *Westwood* v. *Thrifty Boy*, 29 Ohio St. 2d 84.)

This burden on the part of a defendant is comparatively light in an ice and snow case because the natural accumulations thereof present obvious hazards. *Mikula* v. *Slavin Tailors*, 24 Ohio St. 2d 48; *Jeswald* v. *Hutt*, 15 Ohio St. 2d 224; *Sidle* v. *Humphrey*, 13 Ohio St. 2d 45; and *Conneaut* v. *Naef*, 54 Ohio St. 529. Similarly easily resolved are the sidewalk cases. See *Winkler* v. *Columbus*, 149 Ohio St. 39, wherein the plaintiff admitted prior knowledge that a sidewalk over which she attempted to proceed had a tilted slab over which she tripped.

The situation is quite different when water becomes

mixed with a slippery substance such as oil, soap, or as in this case, debris and slippery paper. *Presley* v. *Norwood*, 36 Ohio St. 2d 29; *Union News Co.* v. *Freeborn*, 111 Ohio St. 105; and *Carson* v. *S. H. Kress & Co.*, 56 Ohio App. 178.

With respect to assumption of the risk, the doctrine is "that one who assumes, voluntarily, a *known hazard* must accept the consequences even though he may have exercised the utmost care." *Grossnickle* v. *Germantown*, 3 Ohio St. 2d 96, 103 (emphasis supplied). But only if knowledge of the condition *and* appreciation of the hazardous or defective nature thereof is affirmatively established—so firmly as to be beyond the point of being a genuine issue—may a court be correct in ruling that a party injured by the negligence of another (which, for purposes of this appeal, defendant concedes) may not as a matter of law recover for his loss. See *Honeycutt* v. *Cincinnati Metropolitan Housing Authority*, 114 Ohio App. 311, in which the plaintiff knew that the door which caused her injury had previously nearly injured a neighbor and that she, the plaintiff, had the same experience herself prior to the accident in question.

Accordingly, in this case, as in *Grossnickle, supra,* the evidence to support the motion for summary judgment "sufficiently established an issue for the jury as to whether plaintiff exercised that concern for her own safety which an ordinarily prudent person would employ under similar circumstances." (Page 103.)

In view of the defendant's failure to show the required knowledge on the part of plaintiff, it becomes irrelevant at this point to discuss defendant's contention that plaintiff might have taken another route away from the store and avoided the water and paper.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent herewith. To the extent that this decision is in conflict with *Prass* v. *Cincinnati*, 98 Ohio App. 468, that case no longer correctly announces the law.

*Judgment reversed and cause remanded.*

SHANNON, P. J., and PALMER, J., concur.