920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peter J. HERBER, Plaintiff-Appellee,
v.
Gary P. MILLER, d/b/a The Pit Stop Tavern, Kathleen M.
Miller, d/b/a The Pit Stop Tavern, Defendants-Appellants.
 No. 90-3207.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gary and Kathleen Miller, who own and operate a business known as The Pit Stop Tavern, appeal the judgment for the plaintiff, Peter J. Herber, entered by the district court following a jury verdict. Jurisdiction was based upon diversity of citizenship. Specifically, defendants challenge the district court's refusal to instruct the jury on issues of plaintiff's duty of due care, comparative negligence and intervening/superseding cause. Additionally, defendants appeal a number of evidentiary issues. For the reasons set forth in this opinion, we affirm.
 
 
 2
 On February 28, 1987, Peter Herber, his brother, and a few friends went to The Pit Stop Tavern located in Mercer County, Ohio, apparently to listen to a musical band which was performing there that evening. The Pit Stop Tavern is owned by defendants Gary Miller and his wife, Kathy Miller.
 
 
 3
 Herber and his friends are all residents of the Ft. Wayne, Indiana area. In addition to Herber and his friends, there were a number of other groups of individuals in the tavern on this particular evening. One such group were individuals from Bluffton, Ohio. Another group of "regulars" included Gregory Yoder. Yoder and his friends, Brett Masters and Lance Lehman frequently visited the tavern and had a reputation with the owners as "fighters."
 
 
 4
 During the course of the evening a number of incidents occurred between these groups. At one point during the evening, Yoder approached the table where Herber was sitting, slammed his fist down upon the table, and challenged anyone at the table to fight him. At another point, Yoder threw a pitcher of beer on one of the individuals sitting at Herber's table. After this incident, Yoder was escorted by an employee of the Pit Stop Tavern to the doorway, but was not required to leave.
 
 
 5
 Sometime later in the evening, Herber was involved an arm wrestling contest with an individual from the Bluffton group. After Herber had won the contest, he commented, "Better luck next time." This prompted an individual from the Bluffton group to take a swing at Herber. Herber attempted to retaliate, but was restrained by his brother and friends. At this point, Herber and his friends decided to leave the tavern.
 
 
 6
 As Herber stepped outside the tavern he was "blindsided" by Yoder. Herber fell to the ground and was repeatedly kicked in the head by Yoder. As a result of the attack, Herber suffered a number of injuries, including the loss of one eye.
 
 
 7
 On February 18, 1989, Herber filed suit in district court against the owners of the Pit Stop Tavern. Herber alleged theories of negligence and liquor law liability under the Ohio Revised Code and Ohio common law. The district court granted the defendants summary judgment as to Herber's claims grounded in liquor law liability. The case proceeded to trial on Herber's claim of negligence. The jury returned a verdict in favor of Herber, awarding him $365,000 in compensatory damages. This appeal ensued.
 
 
 8
 On appeal, Defendants argue that the district court erred in refusing to instruct the jury on issues of plaintiff's duty of due care, comparative negligence, and superseding/intervening cause. Although state law determines the substance of jury instructions in a diversity of citizenship case, federal law governs our standard of review. Bagherzadeh v. Roeser, 825 F.2d 1000 (6th Cir.1987); Teal v. E.I. DuPont De Nemours and Co., 728 F.2d 799 (6th Cir.1984). A reviewing court, when considering a claimed error or omission in jury instructions must consider the charge as a whole to see if it "fairly and adequately" submits the issues and applicable law to the jury. Donald v. Wilson, 847 F.2d 1191, 1199 (6th Cir.1988) (quoting United States v. Martin, 740 F.2d 1352, 1361 (6th Cir.1984), cert. denied, 472 U.S. 1029 (1985) ). It is not error to refuse to give a requested instruction that correctly states the law, as long as the instructions actually given fairly and adequately cover the material issues. Jones v. Consolidated Rail Corp., 800 F.2d 590 (6th Cir.1986). It is error, however, to instruct the jury on an issue when there has been insufficient evidence presented to support a jury finding on that issue. Leonard v. Uniroyal, Inc., 765 F.2d 560 (6th Cir.1985); see also Bucyrus-Erie Co. v. General Products, 643 F.2d 413 (6th Cir.1981).
 
 
 9
 In refusing to instruct the jury on plaintiff's duty to exercise reasonable care and comparative negligence, the district court determined that the defendants had not introduced sufficient evidence at trial to warrant these instructions. Ordinarily, whether a plaintiff's own conduct constitutes contributory negligence is an issue for the trier of fact. Stone v. Davis, 66 Ohio St.2d 74, 419 N.E.2d 1094, cert. denied, 454 U.S. 1081 (1981); Clark v. Becker Discount Drug Co., 43 Ohio App.2d 126, 322 N.E.2d 679 (1975). However, the trial court may refuse to instruct the jury on an issue when there is not sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue. Steadley v. Montanya, 67 Ohio St.2d 297, 423 N.E.2d 851 (1981); O'Day v. Webb, 29 Ohio St.2d 215, 280 N.E.2d 896 (1972).
 
 
 10
 The plaintiff in a negligence action is entitled to the benefit of the presumption that he or she was exercising due care for his or her own safety. Condell v. Brobst, 18 Ohio App.2d 107, 247 N.E.2d 326 (1969). Defendants simply did not introduce sufficient evidence to rebut this presumption and established a jury question. The evidence which defendants argue raised the issues of plaintiff's due care and contributory negligence does little more than establish that Herber was present and consumed alcohol at The Pit Stop Tavern on this particular evening. The Supreme Court of Ohio established long ago that, "not only must the negligence of one injured by another's culpable neglect contribute to produce the injury, but that, if it is to constitute contributory negligence, it must contribute as a proximate cause, and not as a remote cause or mere condition." Schweinfurth v. C.C.C. & St. L. Railway Co., 60 Ohio St. 215, 221, 54 N.E. 89 (1899). (emphasis in original) Therefore, because defendants failed to introduce any evidence to establish that Herber's conduct had any connection to the eventual assault by Yoder, we agree with the district court's conclusion not to instruct the jury on issues of plaintiff's duty to exercise reasonable care and comparative negligence.
 
 
 11
 The defendants also argue that the district court committed reversible error when it refused to instruct the jury on the issue of intervening/superseding cause. The record indicates that the defendants never requested such an instruction be given by the trial court. Generally, where a party fails to make a timely objection to the giving or failure to a particular instruction this Court will not consider that objection on appeal. Wiskotoni v. Michigan National Bank-West, 716 F.2d 378 (6th Cir.1983). Defendants attempt to escape this prohibition by arguing that making such an objection would have been a "mere formality." See Batesole v. Stratford, 505 F.2d 804 (6th Cir.1974). However, the fact that the district court judge had previously refused to give a jury instruction on comparative negligence does not make the request for an intervening/superseding instruction a "mere formality."
 
 
 12
 The defendants also argue that the district court erred in permitting the testimony of Greg Yoder concerning his underage drinking at the Pit Stop Tavern. In a diversity action, the admissibility of evidence is governed by the Federal Rules of Evidence. Foster v. Caterpillar Tractor Co., 714 F.2d 654 (6th Cir.1983). Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or if the evidence would mislead the jury. Trial courts have broad discretion in deciding the issue of admissibility under Fed.R.Evid. 403. Hines v. Joy Mfg. Co., 850 F.2d 1146 (6th Cir.1988). A trial court's decision will not be overturned on appeal unless there is an abuse of discretion. Schrand v. Federal Pacific Elec. Co., 851 F.2d 152 (6th Cir.1988). Abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Id. The testimony concerning Yoder's drinking helped established defendant's knowledge of Greg Yoder's alcohol consumption since it was the defendants serving him the liquor. This, in turn, helped establish that Yoder's conduct was foreseeable.
 
 
 13
 Finally, defendants object to the testimony of Susan McDonald and Shelby Byer concerning the reputation of Greg Yoder. Defendants argue that the introduction of this testimony violated Rule 404 of Fed.R.Evid. which excludes evidence of character for the purpose of proving that a person acted in conformity therewith on a particular occasion. The testimony of Yoder's reputation was not offered to prove that he acted in conformity with that reputation. The critical issue in the case was, first, whether Yoder had a reputation for fighting and, second, whether the defendants knew of that reputation. The testimony of Susan McDonald and Shelby Byer went to establish that Yoder did have a well-known reputation.
 
 
 14
 Therefore, for the reasons here set forth, the judgment of the district court is AFFIRMED.