OPINION
Plaintiffs-appellants, Patricia Howard and John Howard, appeal from a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Christ United Methodist Church (hereinafter "the church").
On August 28, 1993, the Howards planned to attend an ice cream social at the church. Mr. Howard drove into the parking lot of the church and dropped Mrs. Howard off by a back door. Although it had been raining earlier in the day, the rain had stopped by the time the Howards arrived at the church. However, the pavement of the church's parking lot was still wet. Mrs. Howard exited the car with an aluminum bowl and after taking a few steps, she fell on the wet pavement of the parking lot. As a result of her fall, Mrs. Howard suffered injuries.
On August 28, 1995, the Howards filed a complaint against the church seeking damages for the injuries that Mrs. Howard suffered as a result of the fall. Mrs. Howard alleged that her injuries were the direct, proximate and foreseeable consequence of the church's failure to repair a defect in the pavement. Mrs. Howard specifically alleged that after the church's parking lot was repaved in the spring of 1993, "the pavement became very slippery when wet and presented a dangerous condition." Mr. Howard also sought damages for loss of consortium.
On April 15, 1997, the church filed a motion for summary judgment. On June 11, 1997, the trial court granted the church's motion. The trial court found that reasonable minds could only find in favor of the church because the Howards had failed to produce any evidence that the parking lot was unreasonably dangerous or that the condition of the parking lot caused Mrs. Howard's fall.
In their sole assignment of error, the Howards argue that the trial court erred by granting summary judgment in favor of the church. An appellate court must follow the standard set forth in Civ.R. 56(C), which provides that summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Welco Ind., Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344. The appellate court conducts an independent review of the record and stands in the shoes of the trial court. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
When a party moves for summary judgment on the grounds that the nonmoving party has no evidence to establish an essential element of his case, the moving party must inform the trial court of the basis for the motion and identify the portions of the record that demonstrate the absence of a genuine issue of material fact concerning the essential element. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party, in order to avoid summary judgment, must then set forth specific facts that show there is a genuine issue for trial. Id.
In order to establish a claim for negligence, it is wellestablished that a plaintiff must show that a defendant breached a duty owed to the plaintiff and that the breached duty proximately resulted in injury to the plaintiff. Mussivand v. David (1989),45 Ohio St.3d 314, 318. In the present case, it is undisputed that Mrs. Howard was an invitee of the church. Thus, the church, as owner of the premises, had a duty to exercise ordinary care in maintaining the premises in a condition reasonably safe so that she was not unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 204.
An owner is generally liable to an invitee when the owner reasonably knows of a dangerous condition, such condition is not reasonably known to the invitee, and the owner negligently fails to rectify the hazard or adequately warn the invitee. Raflo v. Losantiville Country Club (1973), 34 Ohio St.2d 1, 3; Miller v. Adamson (Sept. 16, 1996), Brown App. No. CA96-02-007, unreported. "Where the defendant firmly establishes that the plaintiff knew or should have known of the condition and appreciated its dangerousness, the trial court does not err in granting summary judgment for the defendant." Roberts v. Sisters of Mercy (May 29, 1990), Butler App. No. CA89-11-160, unreported, citing, Clark v. Becker Discount Drug (1975), 43 Ohio App.2d 126, 127.
In the present case, Mrs. Howard alleged that after the church's parking lot was repaved, "the pavement became very slippery when wet and presented a dangerous condition." However, the record clearly shows that Mrs. Howard knew of this dangerous condition. Mrs. Howard testified in her deposition that the pavement of the church's parking lot was wet when she fell. Mrs. Howard further testified "I would think pavement could be slippery if it were wet." Therefore, this admission indicates that Mrs. Howard knew of the danger in walking on wet pavement, and this knowledge justified summary judgment in the church's favor. See Roberts at 4.
Despite her admission, Mrs. Howard argues that the church knew that the repaving caused the parking lot to be unusually slippery when it was wet. In support of this argument, Mrs. Howard relies upon the testimony of Richard Coyle.
In 1993, Coyle served as the chairman of the church's board of trustees.[1] The board was in charge of maintaining the church's property, and Coyle selected the contractor that repaved the church's parking lot in the spring of 1993. After the parking lot was repaved, but before Mrs. Howard's fall, Coyle testified that a couple of people complained that areas in the south end of the parking lot were slippery. Coyle further testified that Mrs. Howard's fall occurred in the north end of the parking lot.
Initially, we note that Coyle's testimony does not indicate whether the complaints were made as a result of wet pavement. However, even if the complaints did involve wet pavement, a reasonable person would expect the pavement of a parking lot to be slippery when it is wet. Boyd v. Hicksville Aerie (May 10, 1995), Defiance App. No. 4-95-2, unreported. The record does not indicate that the church knew or should have known that a condition substantially more dangerous that generally presented by wet pavement existed in the area of the parking lot where Mrs. Howard fell. Accordingly, the trial court properly granted summary judgment in the church's favor.
We also find that the Howards failed to establish that a dangerous condition in the church parking lot caused Mrs. Howard's fall. "To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamper v. Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65,67-68; Miller v. Adamson (Sept. 16, 1996), Brown App. No. CA96-02-007, unreported. If a plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a trial court does not err by granting summary judgment in the defendant's favor. Id.
In the present case, Mrs. Howard was unable to identify the cause of her fall. In her deposition, Mrs. Howard admitted that she did not know what caused her to fall. Mrs. Howard testified "I got out of the car from the passenger side, and all I can remember is taking a few steps and I was on the pavement." Mrs. Howard further testified that she did not observe any loose gravel, potholes or other defects in the pavement. The record reveals that there were no witnesses to the fall and expert testimony was not offered by the Howards. Therefore, since Mrs. Howard has not offered any evidence as to what caused her fall, summary judgment was properly granted in the church's favor.
Based upon the foregoing, we conclude that construing the evidence most strongly in favor of the Howards, reasonable minds could only come to one conclusion and the church is entitled to judgment as a matter of law. Accordingly, the trial court did not err by granting summary judgment in favor of the church and the Howards' sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Mrs. Howard also served on the board of trustees when the decision to repave the parking lot was made. However, Mrs. Howard testified in her deposition that she did not participate in this decision and was unaware that it was made.