OPINION
Appellant Nannie Ousley is appealing the decision of the Richland County Court of Common Pleas that granted summary judgment on behalf of Appellee SSM, Inc., d.b.a McDonalds ("McDonalds"). The following facts give rise to this appeal.
On September 12, 1994, appellant fell at the McDonalds located, at 15 Mansfield Avenue, while attempting to enter the northwest entrance of the restaurant. The fall occurred while appellant was looking straight ahead, and stepped on the edge of the handicap ramp curb, with her right foot. When she stepped on the edge of the handicap ramp curb, appellant lost her balance and fell, injuring her right knee and right wrist. Appellant testified, at her deposition, the reason she fell was because she did not see the edge of the handicap ramp curb.
As a result of the fall, appellant filed a complaint on September 19, 1996. Appellee moved for summary judgment on July 18, 1997. The trial court granted appellee's motion for summary judgment on September 9, 1997. Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN THAT REASONABLE MINDS COULD DIFFER AS TO THE ISSUE OF NOTICE OR CONSTRUCTIVE NOTICE OF THE HAZARD TO THE DEFENDANT; AND
 II. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN THAT REASONABLE MINDS COULD DIFFER AS TO WHETHER THE HAZARD WAS OPEN AND OBVIOUS TO THE PLAINTIFF, NANNIE OUSLEY.
 III. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BY ASSUMING FACTS NOT IN EVIDENCE AND DETERMINING THOSE FACTS IN A LIGHT UNFAVORABLE TO THE NON-MOVING PARTIES (SIC) IN STATING THAT THE PLAINTIFF, NANNY (SIC) RUTH OUSLEY "HAD PREVIOUSLY WALKED OVER THE HANDICAPPED (SIC) RAMP PRIOR TO THE DAY OF HER FALL"; AS THE PLAINTIFF DENIED EVER CROSSING THIS AREA PRIOR TO THE DAY OF HER FALL AND SAID STATEMENTS WERE NOT CONTRADICTED BY THE DEFENDANT.
 IV. THE COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND THAT REASONABLE MINDS COULD DIFFER AS TO WHETHER OR NOT THE PLAINTIFF HAD KNOWLEDGE OF THE PHYSICAL CHARACTERISTICS OF THE HANDICAPPED (SIC) RAMP PRIOR TO HER FALL WHEN THE PLAINTIFF STATED THAT SHE HAD NEVER CROSSED THIS RAMP BEFORE.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
 I, II, IV
Appellant addresses her first, second and fourth assignments of error simultaneously and we will do the same. Appellant contends, in her first assignment of error, the trial court erred when it granted summary judgment on appellee's behalf because reasonable minds could differ as to the issue of notice or constructive notice of the hazard. In her second assignment of error, appellant maintains the trial court erred when it granted summary judgment on appellee's behalf because reasonable minds could differ as to whether the hazard was open and obvious to appellant. In her final assignment of error, appellant contends the trial court erred in granting appellee's motion for summary judgment because reasonable minds could differ as to whether or not appellant had knowledge of the physical characteristics of the handicap ramp prior to her fall when appellant testified that she had never crossed the handicap ramp prior to her fall on September 12, 1994.
Appellant was a business invitee on appellee's premises at the time of her fall. "An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The Court explained a person may not recover for injuries received as the result of an obvious danger because "`[t]he knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition, he is barred from recovery by lack of defendant's negligence towards him, no matter how careful plaintiff himself may have been.'" Id. at 48, citing 2 Harper James, Law of Torts (1956), 1491.
Appellant first argues reasonable minds could differ as to the issue of notice or constructive notice of the five and one-half inch drop off on the side of the handicap ramp. This issue concerns whether the drop off was obvious. Appellant maintains, in her second assignment of error, that a question of material fact exists as to whether the drop off was open and obvious. Since both assignments of error concern the same issue, we will address them simultaneously. We have reviewed the record in this matter and find a genuine issue of material fact exists concerning whether the five and one-half inch drop off was open and obvious. The pictures of the handicap ramp in question establish there was nothing that would warn someone approaching the ramp of the five and one-half inch drop off. Without such a warning, such as a line painted on the sidewalk, as in Kissel v.Michel Corp. (Aug. 20, 1993), Fulton App. No. 92FU000021, unreported, a question of material fact exists as to whether the drop off was open and obvious to appellant as she approached the handicap ramp.
In her fourth assignment of error, appellant contends the trial court erred when it determined appellant had prior knowledge of the five and one-half inch drop off. In order to charge appellant with knowledge of the drop off, it must appear beyond factual dispute that she knew of the existence of the drop off. See e.g. Shaw v. Central Oil Asphalt Corp. (1981), 5 Ohio App.3d 42; Clark v. Becker Discount Drug Co. (1975), 43 Ohio App.2d 126. A review of appellant's deposition testimony does not establish, beyond factual dispute, that she knew of the five and one-half inch drop off on the edge of the handicap ramp. Appellant admitted she has previously entered through the northwest door of McDonalds, the door she planned to enter on the day of her fall. Depo. Nannie Ousley at 38. However, on the day in question, appellant did not approach the entrance as she had on previous visits to the restaurant. Id. During the visit in question, appellant attempted to cross the handicap ramp, stepping on the edge of the curb and falling. We find a question of material fact exists concerning whether appellant had actual knowledge of the five and one-half inch drop off. The fact that she may have entered the restaurant, on previous occasions, using the same door does not establish, beyond a factual doubt, that she had knowledge of this condition.
Appellant's first, second and fourth assignments of error are sustained.
 III
Appellant contends, in her third assignment of error, the trial court erred when it found appellant had previously walked over the handicap ramp prior to the day of her fall because appellant denied ever crossing this area prior to the day of her fall. We agree for the reasons stated in appellant's fourth assignment of error. A genuine issue of material fact exists since appellant testified, during her deposition, she had never previously attempted to cross the handicap ramp.
Appellant's third assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P. J. Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.