O’Donnell, J.
{¶ 1} The Ohio Department of Natural Resources (“ODNR”) appeals from a judgment of the Tenth District Court of Appeals that reversed a grant of summary judgment in its favor in connection with an action filed by Richard Combs for injuries sustained when an ODNR boom mower threw a rock that struck him in the eye.
{¶ 2} R.C. 1533.181, the recreational user statute, provides that no landowner owes any duty to a recreational user to keep the premises safe for entry or use or extends any assurance in that regard. Thus, a landowner is not liable to a recreational user for injuries caused by the defective condition of a recreational premises. Here, however, the injuries resulted from the alleged negligent operation of a boom mower, not from the condition of the premises. ODNR has a duty to conduct mowing safely and can be held liable for the negligence of its employees if it breaches that duty. Thus, the appellate court correctly reversed the grant of summary judgment, and we affirm its judgment.
Facts and Procedural History
{¶ 3} On July 27, 2011, Combs was celebrating his birthday at Indian Lake State Park, which is open to the public without.an admission charge. He spent the night fishing and early the next morning walked to Pew Island, which affords better fishing. As Combs walked across the causeway to Pew Island, Jerry Leeth, an ODNR employee, was using a boom mower to cut weeds and brush along the lakeshore. One of the mower blades hit the riprap — stones placed along the waterline to prevent erosion — and threw a rock that struck Combs in the eye and face and caused serious injuries.
{¶ 4} Combs sued ODNR in the Court of Claims, alleging that Leeth negligently operated the boom mower and caused his injury. The Court of Claims granted ODNR’s motion for summary judgment, finding that because Combs was a recreational user, ODNR had no duty to keep the park safe for his entry or use and his negligence claim was barred as a matter of law.
{¶ 5} The Tenth District Court of Appeals reversed the decision of the Court of Claims, explaining that although the recreational user statute abolished the property owner’s duty to keep the premises safe for entry and use by recreational users, it provides immunity only for injuries caused by the defective condition of the premises. The appellate court held that because Combs claimed that he *273 was injured by the negligence of a park employee and not by a defect in the premises, the recreational user statute did not apply.
Positions of the Parties
{¶ 6} On appeal to this court, ODNR maintains that landowners who open their lands to recreational users have absolute immunity for any injury that occurs on the premises, contending that the recreational user statute precludes negligence claims as long as the user entered the land without paying a fee. It states that pursuant to R.C. 1533.181, the landowner owes no duty to a recreational user and therefore cannot be held liable for any negligent acts or omissions. It further notes that the General Assembly departed from the common law rule that treated recreational users as licensees, “transforming them into, in essence, trespassers under the common-law premises-liability regime.” Further, ODNR asserts, the legislature could not have intended to discourage landowners from performing the maintenance needed to make the premises safer and more enjoyable to recreational users. And, lastly, it distinguishes the lead opinion in Ryll v. Columbus Fireworks Display Co., Inc., 95 Ohio St.3d 467, 2002-Ohio-2584, 769 N.E.2d 372, because in that case, it notes, the injury arose from a foreign object brought onto the land — shrapnel from a firework shell — whereas in this case, Combs was injured when the mower threw a rock, which ODNR claims was part of the premises.
{¶ 7} Combs admits that he was a recreational user at the time of his injury and that ODNR held Indian Lake State Park open for recreational use without charge, but he contends that recreational user immunity attaches only when injury results from the condition of the premises. He asserts that he was not injured by the condition of the premises and that a landowner is not immune for its own active negligence, citing cases from California, Utah, and Iowa holding that recreational user immunity does not extend to acts of vehicular negligence committed by the landowner or its employees on the premises.
{¶ 8} Accordingly, we are asked to address what duty, if any, a landowner owes to recreational users for alleged acts of negligence by employees occurring on the premises.
Law and Analysis

Common Law Premises Liability

{¶ 9} At common law, the duty owed by a landowner to those who entered the premises depended on the status of the entrant: invitee, licensee, or trespasser. Englehardt v. Philipps, 136 Ohio St. 73, 77, 23 N.E.2d 829 (1939). A landowner owes an invitee the duty to “exercise ordinary care to render the premises reasonably safe,” Cincinnati Baseball Club Co. v. Eno, 112 Ohio St. 175, 147 N.E. *274 86 (1925), paragraph one of the syllabus, but “owes no duty to a trespasser or licensee upon [the] land except to refrain from wanton, willful or reckless misconduct which is likely to injure him,” Soles v. Ohio Edison Co., 144 Ohio St. 373, 59 N.E.2d 138 (1945), syllabus; see also Scheibel v. Lipton, 156 Ohio St. 308, 328-329, 102 N.E.2d 453 (1951) (discussing the duties owed to business visitors and social guests).
{¶ 10} However, the common law also recognizes that a landowner, “being aware of the presence of a licensee, or even a trespasser, is required to use ordinary care to avoid injury to him arising from the active negligence of such owner or his servants.” Union News Co. v. Freeborn, 111 Ohio St. 105, 107, 144 N.E. 595 (1924). The duty to exercise reasonable care arises after the landowner knows or should know that a licensee or trespasser is on the land. 2 Restatement of the Law 2d, Torts, Section 336, Comment d (1965). See also Keeton, Dobbs, Keeton & Owen, Prosser and Keeton on the Law of Torts, Section 58, 397-398, and Section 60, 416 (5th Ed.1984); Salemi v. Duffy Const. Corp., 3 Ohio St.2d 169, 209 N.E.2d 566 (1965).

The Recreational User Statute

{¶ 11} In 1963, the General Assembly enacted the recreational user statute, R.C. 1533.18 et seq., Am.H.B. No. 179, 130 Ohio Laws 423, 1638, “to encourage owners of premises suitable for recreational pursuits to open their land to public use without fear of liability.” Loyer v. Buchholz, 38 Ohio St.3d 65, 66, 526 N.E.2d 300 (1988). R.C. 1533.181(A) provides:
No owner, lessee, or occupant of premises:
(1) Owes any duty to a recreational user to keep the premises safe for entry or use;
(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.
{¶ 12} R.C. 1533.18(A) defines “premises” to include “all privately owned lands, ways, and waters, and any buildings and structures thereon, and all privately owned and state-owned lands, ways, and waters leased to a private person, firm, or organization, including any buildings and structures thereon.” However, in McCord v. Ohio Div. of Parks & Recreation, 54 Ohio St.2d 72, 74, 375 N.E.2d 50 (1978), we concluded that recreational user immunity also applies to state-owned property, because the waiver of sovereign immunity in R.C. 2743.02(A) provides *275 that the liability of the state 'will be determined in accordance with the rules of law applicable to suits between private parties.
{¶ 13} Pursuant to R.C. 1533.18(B),
“Recreational user” means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits.
{¶ 14} Thus, by enacting the recreational user statute, the General Assembly amended the common law rule; as we stated in Fryberger v. Lake Cable Recreation Assn., Inc., 40 Ohio St.3d 349, 351, 533 N.E.2d 738 (1988), “the applicability of R.C. 1533.181 does not depend upon the common-law status of the injured party as trespasser, licensee, social guest, or invitee.” In lieu of the common law distinctions, id., the duty owed depends on “whether the person using the property qualifies as a recreational user,” Pauley v. Circleville, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, ¶ 21.
{¶ 15} The immunity afforded by the recreational user statute is not absolute; rather, R.C. 1533.181 limits the liability of landowners for injuries to recreational users in three ways. First, R.C. 1533.181(A)(1) provides that no landowner “[o]wes any duty to a recreational user to keep the premises safe for entry or use” (emphasis added); second, R.C. 1533.181(A)(2) states that granting permission to enter the property is not an assurance that the premises are safe; and third, R.C. 1533.181(A)(3) provides that a landowner is not liable for injuries caused by the act of a recreational user. The General Assembly could have provided that a landowner owes no duty whatsoever to any recreational user or that a landowner is not liable for injury caused by the act of the landowner or its employees, but tellingly, it did not do so.
{¶ 16} Our jurisprudence holding that the recreational user statute precludes liability involves injuries arising from the condition of the premises, i.e., the lands, ways, and waters, and any buildings or structures thereon, or from the acts of another recreational user. See Pauley at ¶ 32 (railroad-tie-like object embedded in a mound of dirt covered in snow); LiCause v. Canton, 42 Ohio St.3d 109, 537 N.E.2d 1298 (1989) (cable strung between two posts); Miller v. Dayton, 42 Ohio St.3d 113, 537 N.E.2d 1294 (1989) (softball field); Sorrell v. Ohio Dept. of Natural Resources, Div. of Parks & Recreation, 40 Ohio St.3d 141, 532 N.E.2d 722 (1988) (mound of dirt protruding from frozen surface of lake); Johnson v. New London, *276 36 Ohio St.3d 60, 521 N.E.2d 793 (1988) (above-ground cable installed to prevent driving on retention embankment); Mitchell v. Cleveland Elec. Illum. Co., 30 Ohio St.3d 92, 507 N.E.2d 352 (1987) (undertow in Lake Erie); Marrek v. Cleveland Metroparks Bd. of Commrs., 9 Ohio St.3d 194, 459 N.E.2d 873 (1984) (recreational user struck by another recreational user while sledding); Moss v. Dept. of Natural Resources, 62 Ohio St.2d 138, 404 N.E.2d 742 (1980) (consolidated cases involving one claimant injured by stepping in a hole and one who drowned); McCord v. Ohio Div. of Parks & Recreation, 54 Ohio St.2d 72, 375 N.E.2d 50 (1978) (drowning at a designated swimming area at a lake).
{¶ 17} Notably, Pauley, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, indicated that R.C. 1533.181(A)(1) precludes liability only for injuries that arise from a defect in the premises. In holding that a landowner has no duty to keep manmade improvements and conditions on the land safe for recreational users, we distinguished the facts in Ryll v. Columbus Fireworks Display Co., Inc., 95 Ohio St.3d 467, 2002-Ohio-2584, 769 N.E.2d 372, in which a majority of the court agreed that the recreational user statute did not bar recovery to a spectator fatally injured by shrapnel from a fireworks shell while attending a fireworks show at a public park. We noted that according to Ryll, “the recreational-user statute immunizes property owners from injuries that arise from a defect in the premises. Because the shrapnel was not a defect in the premises, immunity did not apply.” (Emphasis sic.) Pauley at ¶26. In contrast, we explained, the railroad-tie-like object embedded in a mound of dirt that had caused the claimant’s injuries “was part of the park,” id. at ¶ 32; thus, “the injury was caused by a defect in the premises,” id., and the landowner therefore was not liable, id. at ¶ 39.
{¶ 18} The recreational user statute does not expressly abrogate a landowner’s common law duty to exercise reasonable care to avoid negligently injuring those on the premises, and “ ‘in the absence of language clearly showing the intention to supersede the common law, the existing common law is not affected by the statute, but continues in full force.’ ” Vaccariello v. Smith & Nephew Richards, Inc., 94 Ohio St.3d 380, 384, 763 N.E.2d 160 (2002), quoting Carrel v. Allied Prods. Corp., 78 Ohio St.3d 284, 287, 677 N.E.2d 795 (1997). Accordingly, the recreational user statute does not limit a landowner’s liability for a negligently inflicted injury that does not arise from the condition of the premises.
{¶ 19} Our interpretation of R.C. 1533.181 accords with decisions of our sister supreme courts declining to expand recreational user immunity beyond injuries arising from the condition of the premises. See, e.g., Klein v. United States, 50 Cal.4th 68, 72, 112 Cal.Rptr.3d 722, 235 P.3d 42 (2010) (“The statutory phrase ‘keep the premises safe’ is an apt description of the property-based duties underlying premises liability, a liability category that does not include vehicular *277 negligence”); Dickinson v. Clark, 2001 ME 49, 767 A.2d 303 (holding that the Maine recreational use statute does not apply to a claim alleging negligent supervision and instruction on the use of a wood splitter); Young v. Salt Lake City Corp., 876 P.2d 376, 378 (Utah 1994) (explaining, in a case involving the collision of a maintenance vehicle with a bicyclist, “The operative language of the Act does not purport to relieve • landowners of their separate duty to conduct themselves in a reasonably safe manner while on the premises”); Scott v. Wright, 486 N.W.2d 40, 42 (Iowa 1992) (holding that the landowner could be liable for the negligent operation of a tractor, because “[njothing in the language of [Iowa’s recreational use statute] suggests a legislative intent to immunize all negligent acts of landowners, their agents, or employees” [emphasis sic]).
{¶ 20} In this case, the injuries to Combs did not arise from a defective condition of the premises but rather from alleged negligent mowing when the boom mower struck the riprap. R.C. 1533.181 therefore does not apply in these circumstances.
Conclusion
{¶ 21} No owner, lessee, or occupant of premises owes any duty to a recreational user to keep the premises safe for entry or use, assures by giving permission to enter that the premises are safe, or is liable for injuries caused by the act of other recreational users. R.C. 1533.181 is limited in scope and does not apply to the alleged negligence of a maintenance worker operating a boom mower.
{¶ 22} Here, the evidencé shows that the injury to Combs arose from the alleged negligent operation of a boom mower, and therefore the recreational user statute does not preclude liability for such a claim if Combs can establish that negligence.
{¶ 23} Accordingly, we affirm the judgment of the appellate court.
Judgment affirmed.
Pfeifer, J., concurs.
O’Connor, C.J., and O’Neill, J., concur in judgment only.
Kennedy, J., dissents, with an opinion joined by Lanzinger and French, JJ.