[Cite as *Fuller-Brown v. Ken She, Ltd.*, 2022-Ohio-863.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Delphine Fuller-Brown

Appellant

v.

Ken She, Ltd.

Appellant

Court of Appeals No. L-21-1103

Trial Court No. CI0202001557

**<u>DECISION AND JUDGMENT</u>**

Decided: March 18, 2022

* * * * *

C. William Bair, for appellant.

Taylor Ward, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of the judgment of the Lucas County Court of Common Pleas, which granted summary judgment in favor of appellee, Ken She, Ltd., on appellant's, Delphine Fuller-Brown, premises liability claims. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} For purposes of this appeal, the facts are not in dispute. On July 8, 2018, appellant fell on appellee's property[1] and suffered physical injuries. More specifically, on that date, appellant drove with her 4-year-old great granddaughter to visit her son. Appellant parked her car in front of a vacant lot on the left side of a one-way street, which is alleged to be appellee's property. Appellant's son lived in a residence on the opposite side of the street. Appellant exited the car from the driver's door onto the grassy area between the curb and the sidewalk. Appellant shut her door and walked back to the driver's-side rear door, where she assisted her great granddaughter in exiting the vehicle. Appellant then shut the rear door and proceeded with her great granddaughter through the grassy area towards the front of the car. Appellant was holding a couple of bags in her hand as she walked. After only a few steps, appellant's right foot went into a hole, causing her to fall and sustain injuries to her legs.

{¶ 3} During her deposition, appellant was unable to describe the size, shape, depth, or location of the hole. Appellant maintained, however, that the hole was covered and hidden by long grass that had not been mowed. When asked how long the grass was, appellant was unable to provide an estimation, stating only that it covered her shoe.

---

[1] Appellee has asserted throughout the course of this litigation that it is not the owner of the property, that it has never accepted transfer of the deed, and that any conveyance of the property to it is fraudulent. The trial court expressly did not make a finding as to the ownership issue, and we likewise do not reach that issue.

2.

{¶ 4} In addition to appellant's deposition testimony, appellant's son, Jermaine Fuller, provided an affidavit in which he stated that he observed his mother "catch her foot on something on the ground and fall." Fuller examined the area where his mother fell and noticed that his foot sank into a spot that "was deep enough that the long grass overlapped and covered up my whole foot inside the depression in the ground."

{¶ 5} Appellant filed her two-count complaint on February 21, 2020, alleging that appellee was liable for her injuries because it breached a duty under section 911.34 of the Toledo Municipal Code to employ reasonable care to maintain its property and to remove hazards not otherwise discoverable by visitors, and because it breached a duty to warn appellant of hidden, dangerous conditions on its property about which it knew or should have known.

{¶ 6} On March 12, 2021, appellee moved for summary judgment, arguing that it did not own the property, that the hazard was open and obvious, that it did not owe appellant any duty, and that there are no facts showing it was aware of any hazardous condition on the property. Appellant opposed the motion for summary judgment, arguing that appellee did own the property, that there was a genuine dispute regarding whether the hole was open and obvious, and that appellee owed her a duty under section 911.02 of the Toledo Municipal Code to maintain the sidewalk and the "lanes adjoining thereto."

{¶ 7} On September 3, 2021, the trial court entered its final judgment, granting summary judgment in favor of appellee. The trial court reasoned that there was no

3.

evidence that appellee was aware of either a danger on the property or appellant's presence on the property, and thus it did not breach a duty to warn appellant of hidden dangers, pitfalls, or obstructions.

## II. Assignment of Error

{¶ 8} Appellant has timely appealed the trial court's September 3, 2021 judgment, and now asserts one assignment of error for our review:

1. The Trial Court erred when it determined that the Defendant/Appellee owed no duty to Ms. Brown finding the Defendant was unaware of a danger on its property or the Plaintiff's presence on that property.

## III. Analysis

{¶ 9} In her assignment of error, appellant argues that the trial court erred in awarding summary judgment to appellee. We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 527 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving

4.

party.  *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 10} Here, appellant's claim sounds in negligence.  "To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured."  *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10.  "When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff."  *Id.*, citing *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).  For purposes of premises liability, Ohio recognizes the common-law classifications of "invitee, licensee, and trespasser."  *Gladon* at 315.

{¶ 11} The parties do not dispute that appellant is not an invitee, which is a person "who rightfully come[s] upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner."  *Id.*, citing *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986).  Thus, appellant is, at best, a licensee, which is a person "who enters the premises of another by permission or acquiescence, for his *own* pleasure or benefit, and not by invitation."  (Emphasis sic.)  *Light* at 68.

{¶ 12} "A licensee takes his license subject to its attendant perils and risks.  The licensor is not liable for ordinary negligence and owes the licensee no duty except to

5.

refrain from wantonly or willfully causing injury." *Id.*, citing *Hannan v. Ehrlich*, 102 Ohio St. 176, 131 N.E. 504 (1921), paragraph four of the syllabus. "Willful and wanton acts are those that demonstrate intent or reckless disregard of the safety of others." *Rosenbrook v. Lucas Cty. Bd. of Commrs.*, 2015-Ohio-1793, 33 N.E.3d 562, ¶ 24 (6th Dist.).

{¶ 13} In addition, "the common law also recognizes that a landowner, 'being aware of the presence of a licensee, or even a trespasser, is required to use ordinary care to avoid injury to him arising from the active negligence of such owner or his servants." *Combs v. Ohio Dept. of Natural Resources, Div. of Parks & Recreation*, 146 Ohio St.3d 271, 2016-Ohio-1565, 55 N.E.3d 1073, ¶ 10, quoting *Union News Co. v. Freeborn*, 111 Ohio St. 105, 107, 144 N.E. 595 (1924). Included within this duty owed to licensees is the idea that a licensee "should not be exposed to hidden dangers, pitfalls, or obstructions." *Hannan* at 186; *Hammer v. McKinnis*, 6th Dist. Lucas No. L-04-1054, 2004-Ohio-7158, ¶ 9. However, "[A] mere failure to do something that might obviate the danger to the licensee creates no liability. The hidden dangers, pitfalls, and obstructions, referred to in the *Hannan* case, that might result in liability to the licensee, consequently mean dangers of that character arising through the active, and not the passive, negligence of the licensor." *Hammer* at 20, quoting *Chadwick v. Ohio Collieries Co.*, 31 Ohio App. 311, 316, 165 N.E. 302 (4th Dist.1928); *see also Elliman v. Gombar*, 86 Ohio App. 352, 356, 91 N.E.2d 801 (9th Dist.1949) ("[T]he bare licensee, knowing that the owner has no

6.

interest in his visit, and, therefore, cannot be expected to have made special preparations for his coming, will be on the alert to discover for himself the true condition of the premises.").

{¶ 14} In this case, appellant does not argue that appellee acted wantonly or willfully. Nor does the common law duty of ordinary care arise because there is no evidence that appellee was aware that appellant was on the property, that appellee was aware that a hidden danger existed on the property, or that appellee created that danger. Therefore, we find that no facts exist upon which we could hold that appellee breached a duty owed to appellant as a licensee.

{¶ 15} Appellant attempts to avoid this result through the application of negligence per se, by arguing that a separate duty exists under sections 911.02 and 911.34 of the Toledo Municipal Code. "The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant." *Lang*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, at ¶ 15.

{¶ 16} Typically, the first question that must be answered is whether "a statutory violation will be considered as evidence of negligence or whether it will support a finding of negligence per se." *Mann v. Northgate Investors, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, 5 N.E.3d 594, ¶ 28. The answer to that question is determined by the words of

7.

the statute. "When the statute sets forth a general, abstract description of a duty, a violation thereof can be considered as evidence of negligence, but a violation does not of itself conclusively demonstrate the breach of a duty. If a statute sets forth a positive and definite standard of care, a violation of the statute constitutes negligence per se, and that violation conclusively proves that the defendant has violated a duty to the plaintiff." *Id.* at ¶ 29. Here, however, we do not need to determine whether a violation of Toledo Municipal Code sections 911.02 and 911.34 constitutes negligence per se because there is simply no evidence that those sections were violated.

{¶ 17} Toledo Municipal Code section 911.02 provides that "It shall be the duty of every owner of any lot or parcel of land situated within the corporate limits of the City to keep and maintain good and sufficient sidewalks along all public streets, avenues, boulevards or lanes adjoining thereto." Similarly, Toledo Municipal Code section 911.34 states, "Every owner of any lot or parcel of land situated within the corporate limits of the City shall keep and maintain good and sufficient sidewalks adjoining such lot or parcel of land along all public streets, avenues, boulevards or lanes and shall cause them to be kept open, in repair and free from any nuisance, including but not limited to, snow and ice."

{¶ 18} In her appellate brief, appellant selectively quotes those sections to suggest that a property owner "ha[s] a duty to keep and maintain good and sufficient sidewalks . . . and the lanes adjoining thereto." Appellant implicitly argues that the term "lanes," and the phrase "lanes adjoining thereto," refers to the grassy section between the curb and the

8.

sidewalk. Thus, appellant concludes that because appellee has a statutory duty to maintain the area between the curb and the sidewalk, summary judgment was inappropriate as genuine issues of material fact remained regarding whether appellee violated that duty. We disagree.

{¶ 19} Upon our review of the statutes in question, we find that appellant's conclusion is based upon a flawed interpretation of Toledo Municipal Code sections 911.02 and 911.34. "In interpreting a statute, we do not look at each word in isolation but rather consider the text as a whole." *Vossman v. AirNet Sys., Inc.*, 159 Ohio St.3d 529, 2020-Ohio-872, 152 N.E.3d 232, ¶ 14. In this case, the term "lanes" appears after a list of different types of roadways: "public streets, avenues, boulevards or lanes." "Under the rule of interpretation known as noscitur a sociis, words that are listed together should be understood in the same general sense." *Id.* at ¶ 19. Thus, the term "lanes" clearly refers to a type of roadway, and not the grassy area between the curb and sidewalk. Furthermore, a plain reading of Toledo Municipal Code sections 911.02 and 911.34 reveals that the property owner's duty is limited to the sidewalk, and not the adjoining grassy areas.

{¶ 20} Applying those statutes here, we find that appellant did not allege or present any evidence that appellee failed to maintain a good and sufficient sidewalk. Indeed, there was no evidence whatsoever regarding the sidewalk's condition as the evidence demonstrated that appellant fell in the grassy area and not on the sidewalk.

9.

Thus, no facts exist upon which we could conclude that appellee was negligent per se for violating Toledo Municipal Code sections 911.02 and 911.34.

{¶ 21} In sum, when viewing the evidence in the light most favorable to appellant, we find that a reasonable person could only conclude that appellee did not breach any duty owed to appellant, whether common law or statutory. Accordingly, we hold that the trial court did not err when it awarded summary judgment to appellee on appellant's premises liability claims.

{¶ 22} Appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 23} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.         
_____
                                                    JUDGE

Christine E. Mayle, J.         

_____
Gene A. Zmuda, J.         
CONCUR.                                    JUDGE

_____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.