[Cite as *Schafer v. Ohio Dept. of Natural Resources*, 2022-Ohio-1829.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James Fritz Schafer, Individually and as Executor of the Estate of Victoria Schafer, | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 22AP-27 (Ct. of Cl. No. 2021-00497JD) |
| v. | : | (ACCELERATED CALENDAR) |
| Ohio Department of Natural Resources, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 31, 2022

**On brief**: *Kegler, Brown, Hill & Ritter, LPA, Timothy T. Tullis*, and *Rebecca Roderer Price*, for appellant. **Argued**: *Rebecca Roderer Price.*

**On brief**: *Dave Yost*, Attorney General, *Anne Berry Strait*, and *Michelle Brizes*, for appellee. **Argued**: *Anne Berry Strait.*

APPEAL from the Court of Claims of Ohio

McGRATH, J.

{¶ 1} This is an appeal by plaintiff-appellant, James Fritz Schafer, Individually and as Executor of the Estate of Victoria Schafer, from a judgment of the Court of Claims of Ohio granting the motion of defendant-appellee, Ohio Department of Natural Resources ("ODNR"), to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6).

{¶ 2} On August 31, 2021, appellant filed a complaint against ODNR asserting causes of action for negligence, wrongful death, and survival action. The complaint alleged that on September 2, 2019, Victoria Schafer ("Schafer") was photographing high school

students at Old Man's Cave in Hocking Hills State Park when she was struck by a "wooden log." (Compl. at ¶ 7.)   It was alleged that "[J.C.] and/or [J.B.] rolled the log over the top of a cliff above where Victoria Schafer was standing." (Compl. at ¶ 8.)  Further, the log which hit Schafer "was stacked among other cut logs in a clearing that had been created by ODNR and/or its contractors during a construction project." (Compl. at ¶ 9.)

{¶ 3}   Appellant alleged ODNR and/or its contractors accessed the clearing using existing trails "typically used for foot races" or trails that were created to "move * * * construction equipment" between the clearing and the construction site. (Compl. at ¶ 10.) According to the complaint, ODNR did not "block off" access to the clearing allowing use of "trails * * * not part of the official park system of trails," and it failed to "mitigate * * * or otherwise indicate that the area was restricted." (Compl. at ¶ 10, 11.)  It was similarly asserted that ODNR did not "block off * * *, mitigate * * * or otherwise indicate" that the clearing area where the logs were stacked was restricted. (Compl. at ¶ 12.)

{¶ 4}   With respect to the negligence claim, it was alleged ODNR "was negligent in stacking and/or leaving stacked logs easily accessible to the public from the [trails], and near the cliff above the Lower Falls area, one of the most heavily-visited areas of Old Man's Cave." (Compl. at ¶ 15.) The complaint further asserted it was "foreseeable that the stacked logs would be tampered with, thereby causing an injury to a park guest, like Victoria Schafer." (Compl. at ¶ 16.)

{¶ 5}   On September 28, 2021, ODNR filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). In the accompanying memorandum in support, ODNR argued that it was immune from liability under Ohio's recreational user statute, R.C. 1533.181. ODNR alternatively argued it was immune from liability under the public duty rule (R.C. 2743.02(A)(3)(a)), and that general tort principles also precluded ODNR from liability for the criminal acts of third parties, i.e., J.C. and J.B.

{¶ 6}   On October 12, 2021, appellant filed a memorandum in opposition to ODNR's motion to dismiss. In the memorandum, appellant agreed with ODNR that "Hocking Hills State Park * * * is within the recreational use statute's definition of 'premises,' " R.C. 1533.18, and further agreed that Schafer "was a 'recreational user' under that statute." (Memo. in Opp. at 3.)   Appellant argued, however, "the immunity provided by the recreational user statute is not absolute," and that the log that hit Schafer and caused her

death "was not part of the land and therefore her injuries did not arise from the condition of the premises." (Memo. in Opp. at 3-4.) Appellant further argued that the public duty rule did not apply to this action. Finally, appellant argued that he may prove the criminal acts of the third parties were foreseeable. On October 18, 2021, ODNR filed a reply memorandum in support of its motion to dismiss.

{¶ 7} On December 8, 2021, the Court of Claims filed an entry granting ODNR's motion to dismiss the complaint. In its entry of dismissal, the Court of Claims held in part:

> According to the Complaint, Plaintiff suggests that Defendant owed Schafer a duty to stack the logs, block off the paths where the logs were stacked, and otherwise mitigate the circumstances which led to Schafer's death. The Court disagrees.
>
> * * *
>
> It is not disputed that Schafer was a recreational user of Hocking Hills State Park.
>
> Although the recreational user statute does not eliminate Defendant's common law duty to exercise reasonable care to avoid negligently injuring those on the premises, Plaintiff alleges no act or omission by which Defendant negligently injured Schafer.
>
> Even accepting the facts alleged in the Complaint as true, Defendant's failure to stack logs or block pathways relates to rendering safe the conditions of the premises—a duty Defendant did not owe to Schafer. Furthermore, the log that struck Schafer was certainly a condition of the premises. * * * Even if Defendant had stacked the logs or blocked off the pathways and clearing, Schafer's death had little to do with the safety conditions of Old Man's Cave. Although tragic, the unfortunate actions of two other recreational users caused Schafer's death—an action for which Defendant has no responsibility. [J.C.] and [J.B.] finding a log, regardless of its location and condition, is no different from them picking up any other piece of loose forestry or rock on the premises and throwing it over the cliff.
>
> Plaintiff argues that he should be entitled to discovery relevant to prove his claims, but allowing such discovery would amount to nothing more than a fishing expedition. Even if, by a stretch of the imagination, Defendant did breach a duty owed, the

Court finds the purported negligence was not the proximate cause of Schafer's death. * * * Plaintiff has not identified any law or facts that suggest either a special relationship between Defendant and Schafer or any overwhelming circumstances which would justify imposing liability on Defendant. Plaintiff's assertion that the existence of an administrative code rule makes [J.C.] and [J.B.'s] act foreseeable is not well taken. The mere fact that it can be anticipated that individuals may throw objects over cliffs does not make Defendant's failure to stack cut logs or block off pathways an unreasonable risk for which it would incur liability.

* * *

For the reasons stated above, the Court finds that Plaintiff can prove no set of facts entitling him to relief.

(Dec. 8, 2021 Entry of Dismissal at 3-5.)

{¶ 8} On appeal, appellant sets forth the following assignment of error for this court's review:

1. The trial court erred in finding that Defendant-Appellee had no liability for Victoria Schafer's death pursuant to the recreational user statute, R.C. 1533.18(A) by deciding as follows:

a. Victoria Schafer's death was caused by a condition of the premises;

b. Plaintiff-Appellant alleged no act or omission by which Defendant-Appellee negligently caused Victoria Schafer's death; and

c. That the conduct which caused Victoria Schafer's death was not foreseeable.

{¶ 9} Under his single assignment of error, appellant challenges the Court of Claims' dismissal of the complaint pursuant to Civ.R. 12(B)(6). Specifically, appellant argues the Court of Claims erred in finding ODNR had no liability under Ohio's recreational user statute by construing the allegations in the complaint to find Schafer's death was caused by a condition of the premises, and in finding appellant alleged no act or omission by ODNR that negligently caused her death. Appellant also challenges the Court of Claims'

determination that the alleged conduct which caused the death of Schafer was not foreseeable.

**{¶ 10}** A reviewing court "applies a de novo standard of review to orders granting a Civ.R. 12(B)(6) motion to dismiss." *Menorah Park Ctr. for Senior Living v. Rolston,* 164 Ohio St.3d 400, 2020-Ohio-6658, ¶ 12. In considering a motion to dismiss for failure to state a claim, "we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988), citing 2A Moore, *Federal Practice*, Paragraph 12.07[2.5] (1985). Further, before a court may dismiss the complaint, "it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." *Id.*, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

**{¶ 11}** "In 1963, the General Assembly enacted the recreational user statute, R.C. 1533.18 et seq., Am.H.B. No. 179, 130 Ohio Laws 423, 1638, 'to encourage owners of premises suitable for recreational pursuits to open their land to public use without fear of liability.' " *Combs v. Ohio Dept. of Natural Resources, Div. of Parks & Recreation*, 146 Ohio St.3d 271, 2016-Ohio-1565, ¶ 11, quoting *Loyer v. Buchholz*, 38 Ohio St.3d 65, 66 (1988). *See also Stone v. Northmont City Schools*, 2d Dist. No. 29271, 2022-Ohio-1116, ¶ 28.

**{¶ 12}** R.C. 1533.181(A), Ohio's recreational user statute, states as follows:

No owner, lessee, or occupant of premises:

(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.

**{¶ 13}** R.C. 1533.18(A) provides the following definition: " 'Premises' means all privately owned lands, ways, and waters, and any buildings and structures thereon, and all privately owned and state-owned lands, ways, and waters leased to a private person, firm, or organization, including any buildings and structures thereon." Notably, in 1978, the

Supreme Court of Ohio concluded that "recreational user immunity also applies to state-owned property, because the waiver of sovereign immunity in R.C. 2743.02(A) provides that the liability of the state will be determined in accordance with the rules of law applicable to suits between private parties." *Combs* at ¶ 12, citing *McCord v Ohio Div. of Parks & Recreation*, 54 Ohio St.2d 72, 74 (1978). *See also LiCause v. Canton*, 42 Ohio St.3d 109, 110 (1989).

{¶ 14} Both appellant and ODNR agree that Hocking Hills State Park is a "premises" as found in the recreational user statute, R.C. 1533.181(A), and further defined in R.C. 1533.18(A). (Mot. to Dismiss at 2, 4, 5; Memo. in Opp. at 3.) The Court of Claims likewise recognized, based on the allegations of the complaint, Hocking Hills State Park as a "premises." (Entry of Dismissal at 4.)

{¶ 15} R.C. 1533.18(B) defines "[r]ecreational user" to mean: "[A] person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits."

{¶ 16} By enacting the recreational user statute, the General Assembly amended the common law rule and, as stated in *Fryberger v. Lake Cable Recreation Assn., Inc.*, 40 Ohio St.3d 349, 351 (1988), "the applicability of R.C. 1533.181 does not depend upon the common-law status of the injured party as trespasser, licensee, social guest, or invitee." Thus, in lieu of the common law distinctions, the duty owed depends on "whether the person using the property qualifies as a recreational user." *Pauley v. Circleville*, 137 Ohio St.3d 212, 2013-Ohio-4541, ¶ 21; *Combs* at ¶ 14, quoting *Pauley* at ¶ 21.

{¶ 17} "[A] person who enters or uses * * * land which is held open to the general public free of charge for recreational pursuit is a recreational user." *LiCause* at 112, citing *Johnson v. New London*, 36 Ohio St.3d 60 (1988). In *Pauley*, the Supreme Court noted:

> The types of recreational activities that qualify as a recreational use are diverse. R.C. 1533.181(B) lists hunting, fishing, trapping, camping, swimming, operating a snowmobile, all-purpose vehicle, or four-wheel-drive motor vehicle, and "other recreational pursuits" as examples of the types of activities

> contemplated by the statute. And courts have broadly construed "other recreational pursuits" to include sledding, *Marrek v. Cleveland Metroparks Bd. of Commrs.*, 9 Ohio St.3d 194 * * * (1984); horseback riding, *Crabtree v. Shultz*, 57 Ohio App.2d 33 * * * (10th Dist.1977); watching others swim, *Fetherolf v. Ohio Dept. of Natural Resources*, 7 Ohio App.3d 110 * * * (10th Dist.1982); motorcycle riding, *Kelley v. Differential Corp.*, 3d Dist. * * * No. 5-81-35 * * * (May 6, 1982); using a swingset, *Vitai v. Sheffield Lake*, 9th Dist. * * * No. 4045 * * * (Jan. 21, 1987); riding a merry-go-round, *Miller v. Sheffield Lake*, 9th Dist. * * * No. 4133 * * * (Apr. 8, 1987); riding a bicycle, *Erbs v. Cleveland Metro Parks Sys.*, 8th Dist. * * * No. 53247 * * * (Dec. 24, 1987); and watching others play baseball, *Buchanan v. Middletown*, 12th Dist. * * * No. CA86-10-156 * * * (Aug. 24, 1987).

*Pauley* at ¶ 19.

{¶ 18} Appellant and ODNR agree that on September 2, 2019, Schafer was a "recreational user" pursuant to R.C. 1533.18(B). (Mot. to Dismiss at 2, 4, 5; Memo. in Opp. at 3.) The Court of Claims also noted "[i]t is not disputed that Schafer was a recreational user of Hocking Hills State Park." (Entry of Dismissal at 3.)

{¶ 19} All parties also agree that on that same date, September 2, 2019, J.C. and J.B. were "recreational users" pursuant to R.C. 1533.18(B). (Mot. to Dismiss at 2, 4, 5; Memo. in Opp. at 4, 7; Oral Argument of Appellant 05/04/2022; Entry of Dismissal at 4.)

{¶ 20} Here, according to the allegations of the complaint, Schafer, J.C., and J.B., recreational users, entered onto Hocking Hills State Park, a premises, on the same date to participate in various recreational pursuits. J.C. and/or J.B. found a cut log and brought that log to the top of a cliff above where Schafer was standing. It is alleged that J.C. and/or J.B. rolled the log over the top of the cliff, thereby striking Schafer and causing her fatal injury.

{¶ 21} The recreational user statute limits the liability of landowners for injuries to recreational users in three ways. First, R.C. 1533.181(A)(1) states that "[n]o owner, lessee, or occupant of premises * * * [o]wes any duty to a recreational user to keep the premises safe for entry or use." Second, R.C. 1533.181(A)(2) states that "[n]o owner, lessee, or occupant of premises * * * [e]xtends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use." Third, R.C. 1533.181(A)(3)

provides that "[n]o owner, lessee, or occupant of premises * * * [a]ssumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

{¶ 22} In *Combs*, the Supreme Court, in reviewing Ohio case law applying the provisions of R.C. 1533.181, noted "[o]ur jurisprudence holding that the recreational user statute precludes liability involves injuries arising from the condition of the premises * * * or from the acts of another recreational user." *Combs* at ¶ 16 (citing in part *Marrek v. Cleveland Metroparks Bd. of Commrs.*, 9 Ohio St.3d 194 (1984), involving a "recreational user struck by another recreational user while sledding"). In the present case, the focus of appellant's argument on appeal involves the contention that the Court of Claims erred in its determination that Schafer's fatal injury arose from the "condition of the premises." (Appellant's Brief at 7.) While such argument implicates the first two subsections of R.C. 1533.181 (i.e., R.C. 1533.181(A)(1) and (2)), we initially address the allegations in the complaint in the context of R.C. 1533.181(A)(3), which "provides that a landowner is not liable for injuries caused by the act of a recreational user." *Combs* at ¶ 15.

{¶ 23} This court recognizes that "[t]he immunity afforded by the recreational user statute is not absolute." *Id.* Specifically, "[t]he General Assembly could have provided that a landowner owes no duty whatsoever to any recreational user or that a landowner is not liable for injury caused by the act of the landowner or its employees, but tellingly, it did not do so." *Id.* However, just as telling is the inclusion of R.C. 1533.181(A)(3), providing that "[n]o owner * * * of premises * * * [a]ssumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user." The above statutory language is broad (i.e., "any act of a recreational user"), and presumably reflects "the purpose of the recreational-user statute, which is to encourage owners of premises suitable for recreational pursuits to open their land to public use without fear of liability." *Pauley* at ¶ 35, citing *Moss v. Dept. of Natural Resources,* 62 Ohio St.2d 138, 142 (1980).

{¶ 24} Here, the facts as set forth in the complaint indicate that Schafer, while using the premises for recreational pursuit (as defined by the recreational user statute), was injured by the act of one or two recreational users also on the premises. Accepting the truth of the allegations in the complaint and making all reasonable inferences in favor of the non-

moving party (as we are required to do), we do not find that the factual allegations are sufficient to overcome the immunity afforded an owner under R.C. 1533.181(A)(3).

{¶ 25} Alternatively, and based on this court's de novo review, we also agree with the Court of Claims' determination that the "cut" log that struck Schafer constituted a "condition of the premises" (thereby implicating the immunity provision of R.C. 1533.181(A)(1)). (Entry of Dismissal at 4.) In considering whether immunity applies, "courts examine the essential character of the property," and "the property must be held open to the public for recreational use, free of charge." *Pauley* at ¶ 16. In this respect, "[r]ecreational premises typically 'include elements such as land, water, trees, grass, and other vegetation.' " *Id.* at ¶ 17, quoting *Miller v. Dayton,* 42 Ohio St.3d 113, 114 (1989). However, in order " '[t]o qualify for recreational user immunity, property need not be completely natural, but its essential character should fit within the intent of the statute.' " *Id.* at ¶ 18, quoting *Miller* at 114.

{¶ 26} In asserting Schafer's injury did not arise from the condition of the premises, appellant relies on *Combs* and *Ryll v. Columbus Fireworks Display Co., Inc.,* 95 Ohio St.3d 467, 2002-Ohio-2584.

{¶ 27} Under the facts in *Combs,* the plaintiff, a recreational user at a state park, was walking across a causeway at the same time an ODNR employee "was using a boom mower to cut weeds and brush along the lakeshore." *Combs* at ¶ 3. One of the mower blades hit a stone, throwing a rock "that struck Combs in the eye and face," causing serious injury. *Id.* The plaintiff brought an action against ODNR, admitting he was a recreational user at the time of the injury, but asserting that "recreational user immunity attaches only when injury results from the condition of the premises." *Id.* at ¶ 7. In *Combs,* the Supreme Court held the recreational user statute did not apply where "the injuries to Combs did not arise from a defective condition of the premises but rather from alleged negligent mowing when the boom mower struck the riprap." *Id.* at ¶ 20.

{¶ 28} In *Ryll,* the appellant's spouse was killed while attending a city's fireworks display when "shrapnel from an exploding firework shell hit him." *Ryll* at ¶ 1. The city and township asserted immunity, relying on the provisions of R.C. 1533.181. The Supreme Court rejected their argument, holding that the cause of injury "had nothing to do with 'premises' as defined in R.C. 1533.18(A)," but rather the cause of injury was a result of

"shrapnel from fireworks, which is not part of 'privately-owned lands, ways, waters, and * * * buildings and structures thereon.' "  *Id.* at ¶ 15.

{¶ 29} In response to appellant's reliance on *Combs* and *Ryll,* ODNR cites to the Supreme Court's decision in *Pauley*.  Under the facts of that case, a teenager (Pauley), while sledding in a city park with friends, suffered a broken neck and was rendered a quadriplegic when his sled hit a "railroad-tie-like object" that was embedded in a mound of dirt and topsoil the city had placed on the park ground forming an approximately 15-foot-high mound.  *Pauley* at ¶ 32.  The appellants (Pauley and his mother) relied on the Supreme Court's decision in *Ryll* to argue that, " '[i]n addition to considering whether the plaintiff was a "recreational user" within the meaning of R.C. 1533.18(B),' * * * 'courts must also determine whether the cause of the injury is attributable to premises that are truly recreational.' "  (Citation omitted.)  *Id.* at ¶ 24.  The appellants in *Pauley* also relied on *Miller* (involving a plaintiff injured on a softball field), and requested the court "to hold that '[i]n lawsuits involving man-made objects, liability has been precluded only when such improvements enhance the recreational activities on the property.' " (Citation omitted.) *Id.* at ¶ 25.

{¶ 30} The Supreme Court rejected appellants' arguments, finding that "the instant case is distinguishable from both *Ryll* and *Miller*," as under the facts in *Ryll* "the injury was caused by a fireworks shell, not by a defect on the city's premises." *Id.* at ¶ 32.  The Supreme Court concluded that, as "the railroad-tie-like object was embedded in a mound of dirt that was part of the park at the time [Pauley] suffered his accident[,] * * * the injury was caused by a defect in the premises, making *Ryll* inapplicable." *Id.*

{¶ 31} With respect to the *Miller* decision, the Supreme Court held the issue in that case "was whether the improvements so changed the essential character of the park as to take it outside the protection of the statute." *Pauley* at ¶ 33.  The court rejected "any contention that the presence of a railroad tie in a public park changes its essential character as a recreational space." *Id.*  The court held that "to adopt appellants' reading of *Miller* would require property owners to make their property safe for entry and use in direct contravention of the plain language in R.C. 1533.181(A)(1)." *Id.* at ¶ 34. Thus, the court concluded, "[w]hen viewing the park property 'as a whole,' the existence of a single railroad

tie does not change the essential character of the park to something other than a property that is open for recreational use." *Id.* at ¶ 37.

{¶ 32} In the present case, we similarly conclude that a "cut" log in a state park does not change the essential character of the park. Additionally, we find the facts alleged in the complaint to be distinguishable from the facts in both *Combs* (involving the negligence of a park employee) and *Ryll* (where the victim was injured by shrapnel from an exploding fireworks shell as opposed to the condition of the premises). Rather, the facts of this case (alleging injury resulting from cut log left in park clearing) are more analogous to those in *Pauley,* in which the injury to the plaintiff from a railroad tie embedded in a mound of dirt the city had deposited in park was caused by "a defect in the premises." *Pauley* at ¶ 32. *See also Gilbert v. Cleveland*, 8th Dist. No. 107934, 2019-Ohio-3517, ¶ 28 (hazard created by city employee in removing wooden post from hole in pedestrian walkway did not affect city's immunity under recreational user statute as injury was caused by "the condition of the premises" and plaintiff "was a recreational user of the park"); *Stone* at ¶ 40 (installation of rope attached on each side of bike trail was a "condition of the premises" such that immunity under recreational user statute applied). Accordingly, we conclude the Court of Claims did not err in its determination the fatal injury from the log arose from the condition of the premises.

{¶ 33} Appellant further contends ODNR was negligent in failing to restrict access or close off the "outlaw trails" from other recreational users. (Appellant's Brief at 11.) This court finds, however, that such a requirement (i.e., to restrict access or close off trails) would, as observed by the Supreme Court in *Pauley*, require ODNR "to make [its] property safe for entry and use in direct contravention of the plain language in R.C. 1533.181(A)(1)." *Pauley* at ¶ 34. This is also true even accepting allegations by appellant that ODNR affirmatively created a dangerous condition by placing the stacked logs in the clearing. When a recreational user enters a park free of charge, a landowner owes "no duty to keep the premises safe, and the [landowner's] alleged creation of a hazard on the premises does not affect its immunity." *Id.* at ¶ 22. Thus, "an owner cannot be held liable for injuries sustained during recreational use 'even if the property owner affirmatively created a dangerous condition.' " *Id.* at ¶ 21, quoting *Erbs v. Cleveland Metroparks Sys.,* 8th Dist.

No. 53247 (Dec. 24, 1987), citing *Milliff v. Cleveland Metroparks Sys.,* 8th Dist. No. 52315 (June 4, 1987).

{¶ 34} Thus, based on the authority of *Pauley,* and finding the Court of Claims properly determined the fatal injury from the log arose from the condition of the premises, we conclude the allegations in the complaint do not set forth an exception to the immunity of an owner under the provisions of R.C. 1533.181(A)(1).

{¶ 35} In light of the foregoing, and based on this court's de novo review, the Court of Claims did not err in granting ODNR's Civ.R. 12(B)(6) motion to dismiss the complaint on the basis of the immunity provisions of R.C. 1533.181, as appellant could prove no set of facts entitling him to relief (i.e., no set of facts that remove immunity). Accordingly, appellant's single assignment of error is overruled, and the judgment of the Court of Claims of Ohio is hereby affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and DORRIAN, J., concur.

_____